```
          IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
BARBARA ANNE SLAVINSKY,
                                *
     Plaintiff,
                                *     CIVIL NO.: WDQ-06-1737
v.
                                *
EDUCATIONAL CREDIT
MANAGEMENT CORPORATION,         *

     Defendants.                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Barbara A. Slavinsky, a *pro se* debtor, has appealed the United States Bankruptcy Court's June 21, 2006 dismissal of her complaint to determine the dischargability of her student loan debt. Pending is a motion to dismiss the appeal by Educational Credit Management Corporation ("ECMC"), the holder of her loans. In addition, ECMC has moved to strike Slavinsky's "Appeal for Dismissal of Complaint." For the reasons discussed below, the motion to dismiss will be granted, and the motion to strike will be denied as moot.

I.   Background

Slavinsky initiated an Adversary Proceeding in the United States Bankruptcy Court seeking a discharge of student loans held by ECMC. On June 12, 2006 the Bankruptcy Court held a trial and held that Slavinsky had failed to show, by a preponderance of the

evidence, that requiring her to repay her loans would create an undue hardship. Appellee's Brief, Appendix at 209 (Bankruptcy Court Order). A discharge was not granted.

On June 22, 2006, Slavinsky moved for leave to appeal the Bankruptcy Court's order. ECMC opposed and moved to strike Slavinsky's appeal, arguing that Slavinsky failed to file a notice of appeal as required by Rule 8001 of the Federal Rules of Bankruptcy Procedure ("FRBP"). On July 12, 2006 and July 25, 2006, Slavinsky moved for extensions of time to file her notice of appeal. On July 26, 2006, this Court granted her motion for leave to appeal. On August 10, 2006, Slavinsky filed an "Appeal for Dismissal of Complaint," which may be considered to be her FRBP 8009 brief. On August 23, 2006, ECMC filed the pending motion to dismiss.

II. Analysis

ECMC has moved to dismiss the appeal arguing that Slavinsky failed to comply with FRBP 8006. Slavinsky has failed to file a response despite receiving a Rule 12/56 letter explaining the possible outcome of ECMC's motion to dismiss. (Paper No. 15).

Rule 8006 requires Slavinsky to "file with the clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented" within 10 days of the later of: 1) filing the notice of appeal under Rule 8001(a); 2) entry of an order granting leave

to appeal; or 3) entry of an order disposing of the last timely motion filed under Rule 8002(b).  Fed. R.Bankr. P. 8006.

Under Rule 8006, the 10-day time period began when the Court filed its July 26, 2006 Memorandum Opinion and accompanying Order granting Slavinsky's motion for leave to appeal.  (Paper Nos. 9, 10).  Slavinsky has not yet filed her designation of record and thus has failed to comply with Rule 8006.

The District Court may, upon motion of the appellee, dismiss the appeal for non-compliance with Rule 8006.  Local Rule 404.2. In determining whether to dismiss an appeal for a Rule 8006 violation, a district court should consider the following actions:

> (1) make a finding of bad faith or negligence; (2) give the appellant notice or an opportunity to explain the delay; (3) consider whether the delay had any possible prejudicial effect on the other parties; or (4) indicate that it considered the impact of the sanction and available alternatives.

*In re SPR Corp.*, 45 F.3d 70, 72, 74 (4th Cir. 1995) (*citing In re Serra Builders, Inc.*, 970 F.2d 1309, 1311 (4th Cir.1992)).  The Fourth Circuit has held that a proper application of the factors "normally require[s] a district court to consider and balance all relevant factors."  *Id*. at 74.

On August 23, 2006, ECMC moved to dismiss for failure to comply with Rule 8006.  Despite the fact that Slavinsky is *pro se*, and thus a clear understanding of Bankruptcy Procedure should not be imputed to her, the filing of the motion served as notice

3

that Rule 8006 imposed a duty on her.  Despite this notice, Slavinksy did not file a tardy designation of record nor did she move for an extension of the 10-day time limit so that she could designate the record.

On December 15, 2006 the Court, by letter, requested that Slavinsky and ECMC submit memoranda discussing and applying the Fourth Circuit's decisions in *Serra* and *SPR* to the facts of Slavinsky's case.  The Court even set forth the four factors that the cases discuss.  This letter served as further notice of the importance of Rule 8006.

The memoranda were to have been submitted by December 29, 2006 and while ECMC promptly responded to the request a week ahead of the deadline, Slavinsky failed to respond.  Instead, on January 8, 2006, more than 10 days after the due date, Slavinsky moved for an extension of time to file the requested memorandum.  This motion was granted and time to reply was extended to January 19, 2006.  Slavinsky has failed to comply with this deadline as well.  Now, more than five months after Slavinsky should have filed her designation of the record, she has still failed to do so.

Moreover, although Slavinksy has had ample notice of the Rule 8006 requirements and has had many months to explain the continuing delay, she has failed to submit the required filing, explain the delay, or respond to ECMC's motion.  Although *pro se*

4

litigants are ordinarily afforded some leeway, that Slavinsky is pro se[1] does not obviate her duty to attempt to follow the Court's procedures and requests.

ECMC has established that Slavinsky's continuing failure to comply with the rules is unreasonable delay that prejudices ECMC. Appellee's Mem. in Supp. of Mot. to Dismiss Appeal at 4.  This delay creates additional legal expenses for ECMC and places some uncertainty on its operations as it waits for judicial resolution of the claim that the Bankruptcy Court has dismissed on its merits.

This Court recognizes "that the sanction of dismissal for failure to comply with . . . Rule 8006, [is] a harsh sanction which a district court must not impose lightly."  *Serra*, 970 F.2d at 1311.  However, in light of Slavinsky's continuing failure to pursue *her* appeal, as evidenced by her failure to respond to ECMC's motion and this Court's letter, the Court finds that dismissal is appropriate.

---

[1] Slavinksy has earned a Ph.D and taught at, *inter alia*, Boston College, The University of Texas at Austin, and Stanford University.  Slavinsky's "Appeal for Dismissal of Complaint" at 10-11 (Paper No. 11).

III. Conclusion

    For the reasons discussed above, ECMC's motion to dismiss for failure to comply with Rule 8006 will be granted.  As a result, all other pending motions will be denied as moot.


<u>February 9, 2007</u>                      <u>       /s/               </u>
Date                                              William D. Quarles, Jr.
                                                  United States District Judge